## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN ANTHONY, Individually and on behalf of his wife, TERRI ANTHONY,** | **CIVIL ACTION NO. 2:15-cv-03134** |
| | **JUDGE FELDMAN** |
| *Plaintiffs,* | **MAGISTRATE JUDGE ROBY** |
| **VERSUS** | |
| **SULZER SPINE TECH, INC.,** | |
| *Defendant.* | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
### FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES

The defendant, Zimmer Spine, Inc.[1] ("Zimmer"), hereby answers the First Supplemental and Amending Petition for Damages[2] of the plaintiffs, John Anthony and Terri Anthony ("Plaintiffs"), and states its affirmative defenses.

1.    Plaintiffs are person of the full age of majority domiciled in the Parish of Jefferson, State of Louisiana.

**ANSWER**:  Zimmer lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of the Petition and therefore denies them.

2.    Made defendant herein is SULZER SPINE TECH, INC., corporation licensed to do and doing business in the Parish of Orleans, State of Louisiana and was at the time relevant to the events complained of herein, developed and manufactured the BAK Interbody Fusion System.

---

[1] Erroneously named in the Petition for Damages as Sulzer Spine Tech, Inc., as discussed more fully in Zimmer's Response to Paragraph 2 of the Petition.
[2] Plaintiffs' First Supplemental and Amending Petition for Damages was filed on December 4, 2015. In this pleading, Plaintiffs added additional causes of action under the Louisiana Products Liability Act, but did not delete causes of action that were in the Original Petition for Damages, some of which were the subject of a Motion to Dismiss granted by this Court. However, out of an abundance of caution, Zimmer is filing its Answer in response to all of the allegations in Plaintiffs' Original Petition for Damages as well as its First Supplemental and Amending Petition for Damages.

**ANSWER**:   Zimmer admits that Sulzer Spine Tech, Inc., was incorporated in 1998 and maintained its principal place of business in Minnesota.   In 2002, Sulzer Spine Tech, Inc., changed its name, and in 2004, the entity formerly known as Sulzer Spine Tech, Inc., became Zimmer Spine, Inc.  Zimmer Spine, Inc., is incorporated in the state of Delaware and maintains its principal place of business in Minnesota.  Zimmer further admits that its products are sold throughout the United States, but denies the remaining allegations contained in Paragraph 2 of the Petition.

3.    Plaintiff, John Anthony, was involved in an automobile accident on April 20, 2000.  The automobile accident resulted in Plaintiff, John Anthony, suffering a low back injury and left leg injury on April 20, 2000.

**ANSWER**:  Zimmer lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3 of the Petition and therefore denies them.

4.    Plaintiff was referred to Dr. K. E. Vogel at Memorial Medical Center.  After plaintiff found no relief from extensive conservative care, Dr. Vogel recommended Posterior Lumbar Interbody Cage Fusion L2-L3 and L3-L4, Bilateral; Microsurgical Diskectomy L20L3, L3-L4, Bilateral; Medial Branch Neurotomy L2-L3,L3-L4, Bilateral; and Lumbosacral Epidural Block.  Dr. Vogel performed these procedures on September 13, 2000 at Memorial Medical Center.

**ANSWER**:  Zimmer lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of the Petition, since it has not had an opportunity to confirm the identity of the product(s) used in Plaintiff's surgery.  Zimmer further lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 regarding Plaintiff's medical procedure. Zimmer therefore denies the allegations contained in Paragraph 4 of the Petition.

5.    In 1996, the U.S. Food and Drug Administration (hereinafter, the "FDA") issued to Defendant Spine Tech a Preliminary Market Analysis (hereinafter "PMA") authorizing the Defendant to market its BAK Interbody Fusion System (hereinafter the "cage").  Later that year, the case was modified once again the FDA approve its use through a PMA.  The modified cage was marketed as the BAK Proximity Cage.  In 1997, the cage underwent a second modification

and the FDA approve of its use for Degenerative Disk Decease (hereinafter "DDD").  The FDA approve of its marketing name of BP/Lordotics device.

**ANSWER**:  Zimmer admits that Zimmer Spine, Inc. obtained premarket approval from the FDA for a device known as the "BAK Interbody Fusion System" on September 20, 1996.  Zimmer, however, denies the remaining allegations in Paragraph 5 of the Petition.

6.      As neurosurgery goes, Dr. Vogel believed the cage to be in advances in medical science and that the cage would replace femoral implant fusions in all back fusion procedures.

**ANSWER**:  Zimmer lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Petition and therefore denies them.

7.      Based upon information and belief, the Defendant Spine Tech failed to convey the limitations of the FDA approval to Dr. Vogel.  The cage was developed and authorized for limited uses: the cage is specifically authorized for use in DDD cases, in cases where stenosis already exists, where the back injury is so severe that interbody fusion will provide relief in cases where neurosurgery is critical, having been supported by a long history of radiological reports.

**ANSWER**:  Zimmer denies the allegations in Paragraph 7 of the Petition.

8.      Plaintiff has been experiencing pain since the BAK Interbody Cage Infusion was implanted.  Based upon information and belief, at the time of the manufacturing, compounding, packaging, and or distribution, the case was an unavoidably unsafe product in that it was not properly prepared, and accompanied by proper directions and warning.  In the history of the cage's manufacturing, there have been at least two manufacturers, whose names and autonomy in production are unknown to the Plaintiffs at this time, but are known to Defendant Spine Tech.  As the names are discovered, this allegation may be amended as appropriate.  In the packaging, the Defendant Spine Tech provided inaccurate, incomplete, misleading, or fraudulent information furnished by the Defendant Spine Tech in connection with FDA approval.  Material omissions are as equally fraudulent as misrepresentations.

**ANSWER**:  Zimmer states that no response is required, as Paragraph 8 was recognized by the Court as an invalid cause of action, pursuant to the Court Order entered on October 14, 2015. To the extent a response is required, Zimmer denies the remaining allegations in Paragraph 8 of the Petition.

9.      Dr. Vogel may not have recommended surgery had he been made aware that Defendant Spine Tech was not in compliance with FDA requirements.  Since the surgery, Plaintiff has suffered greatly from the procedure for which was avoidable.  Due to the above

3

described conduct and the deprivations of the rights guaranteed under the Laws of the State of Louisiana and of the United States this complaint followed.

**ANSWER**: Zimmer lacks knowledge or information sufficient to form a belief about the truth

of the allegations contained in Paragraph 9 of the Petition and therefore denies them.

10.     Plaintiff alleges that the cage interboy [*sic*] fusion system has a defect or a defective condition in the product which made the product unreasonably dangerous to the user or consumer causing severe bodily injury.   Plaintiff further alleges that the cage interboy [*sic*] fusion system is an unavoidably unsafe product.   At the time of production, compounding, packaging or distribution, Defendant Spine Tech or its manufacturer provided directions or warnings that were inaccurate, incomplete, misleading, or fraudulent in connection with FDA approval.   Material omissions are as fraudulent as actual misrepresentations.   The Defendant Spine Tech was obliged to provide adequate direction and warning to consumers concerning its products, including the cage interboy [*sic*] fusion system.

**ANSWER**: Zimmer states that no response is required, as Paragraph 10 was recognized by the

Court as an invalid cause of action, pursuant to the Court Order entered on October 14, 2015.  To

the extent a response is required, Zimmer denies the allegations in Paragraph 10 of the Petition.

11.     Based upon information and belief, the Defendant Spine Tech failed to provide Dr. Vogel adequate direction and warning, which led Dr. Vogel into performing surgery on Plaintiff contrary to FDA approval.   As a direct and proximate result of Defendant Spine Tech's conduct, Plaintiff has suffered severely for which she should be compensated.   As a direct and proximate results of the Defendant Spine Tech's conduct, Plaintiff has suffered special damages, including avoidable medical expenses.   As a direct and proximate result of the Defendant Spine Tech's conduct, Plaintiff has suffered special damage, including lost wages.   As a direct and proximate result of the Defendant Spine Tech's conduct, Plaintiff has suffered emotional distress resulting in damages therefrom.   Plaintiff is entitled to other equitable damages, and other future pecuniary losses.     Plaintiff is entitled to punitive and exemplary damages for reckless indifference toward Plaintiff and his rights.   Plaintiff is entitled to an award of all reasonable attorney's fees and costs.

**ANSWER**: Zimmer states that no response is required, as Paragraph 11 was recognized by the

Court as an invalid cause of action, pursuant to the Court Order entered on October 14, 2015.  To

the extent a response is required, Zimmer denies the allegations in Paragraph 11.  Zimmer further

denies that it is liable to Plaintiffs for any alleged damages.

12.     At all times relevant, it was the duty of Defendants to exercise due care in designing, testing, manufacturing, distributing, marketing, promoting, and selling the Wright Cup such that it would be reasonably safe for its intended use. O.C.G.A. § 51-1-2. Sulzer knew

4

or had reason to know that Plaintiff as a member of the general public for whose use the BAK Interbody Cage Infusion was placed into interstate commerce, and who would be likely to use the BAK Interbody Cage Infusion in a manner described in this Complaint. Wright knew or reasonably should have known of the danger associated with the manner and circumstances of Plaintiff's foreseeable use of the BAK Interbody Cage Infusion, which dangers would not be obvious to the general public.

**ANSWER**: Zimmer states that no response is required, as Paragraph 12 was recognized by the Court as an invalid cause of action, pursuant to the Court Order entered on October 14, 2015. To the extent a response is required, Zimmer denies the allegations in Paragraph 12. Zimmer further denies all allegations pertaining to the "Wright Cup," a product that has never been manufactured, sold or distributed by Zimmer, and is not alleged to be at issue here in any other Paragraph of the Petition.

13.      As a direct and proximate result of one or more of the foregoing wrongful acts or omissions by Defendants, the BAK Interbody Cage Infusion caused Plaintiff to suffer and sustain injuries of a permanent nature. Plaintiff was caused to and will in the future be caused to endure pain and suffering in body and mind. In an endeavor to cure his said injuries, Plaintiff was caused to and will in the future be caused to expend money for medical care. Furthermore, Plaintiff was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time. Plaintiff is entitled to recover compensatory damages against Defendants for negligence in an amount to be proved at trial, together with costs of this action.

**ANSWER**: Zimmer states that no response is required, as Paragraph 13 was recognized by the Court as an invalid cause of action, pursuant to the Court Order entered on October 14, 2015. To the extent a response is required, Zimmer lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's injuries, and therefore denies them. Zimmer denies the remaining allegations in Paragraph 13 of the Petition. Zimmer further denies that it is liable to Plaintiffs for any alleged damages.

14.      Plaintiff is currently not in possession of any documents relating to representations, warnings and/or communications made by Defendants in this action. Plaintiff reserves the right to present evidence in support of this claim which is not presently in his possession, but which is not necessarily limited to: instruction for use manuals; all written material or information provided on and/or within any and all packaging associated with Plaintiff's device; manufacturer's labels, package inserts, Adverse Event Reports; clinical trial data, medical literature; medical research finding and opinions; medical publications;

advertisements; sales, prescription and adverse event report databases; and communications from Defendants in this action, including said Defendants' employees, officers, directors, agents, representatives, contractors and business associates, to the public, medical community, Plaintiff's prescribing physician, and Plaintiff. Plaintiff is not in possession of documents as described herein, however, upon information, knowledge, and belief, Plaintiff believes the documents, instruments, and/or evidence stated above are in the possession of Defendants.

**ANSWER**: Zimmer lacks knowledge or information sufficient to form a belief about the truth

of the allegations contained in Paragraph 14 of the Petition and therefore denies them.

     15.    At the time Defendant marketed, sold, and/or distributed the BAK Interbody Cage Infusion, it knew that the hip device was intended for human use. At the time Defendant marketed, sold, and/or distributed BAK Interbody Cage Infusion, Plaintiff was a foreseeable user of the device. At the time Defendant marketed, sold, and/or distributed the BAK Interbody Cage Infusion, it expressly and/or impliedly warranted that the hip, including all of its component parts, were safe and merchantable for their intended use. O.C.G.A. §§ 11-2A-210, 11-2-314.

**ANSWER**: Zimmer states that no response is required, as Paragraph 15 was recognized by the

Court as an invalid cause of action, pursuant to the Court Order entered on October 14, 2015.

To the extent a response is required, Zimmer denies the allegations in Paragraph 15 of the

Petition.

     15(a).  Plaintiffs assert claims against defendants [*sic*] under Louisiana Products Liability Act, LA. R.S. 9:2800.51, et seq. and alleges defendant, Zimmer Spine, Inc., manufactured the BAK Interbody Cage Infusion implanted in Plaintiff. Zimmer Spine, Inc. is liable to the Plaintiffs for the injuries proximately caused by characteristics of the BAK Interbody Cage Infusion that render it unreasonably dangerous. The Plaintiff's injuries arose from the normal and reasonably anticipated use of said product.

**ANSWER**: Zimmer denies the allegations in Paragraph 15(a) of the First Supplemental and

Amending Petition.

     15(b).  The BAK Interbody Cage Infusion at the time of manufacture and sale, was unreasonably dangerous in construction, manufacture and composition under Louisiana Revised Statute 9:2800.54(b)(1).

**ANSWER**: Zimmer denies the allegations in Paragraph 15(b) of the First Supplemental and

Amending Petition.

15(c).   The characteristics of the product, which rendered it unreasonably dangerous, existed at the time the product left Sulzer's [*sic*] control. The BAK Interbody Cage Fusion System was unreasonably dangerous in construction, manufacture and/or composition because, at the time it left Zimmer Spine, Inc.'s control, the product deviated in a material way from the manufacturer's and the FDA-approved specifications.

**ANSWER**:  Zimmer denies the allegations in Paragraph 15(c) of the First Supplemental and

Amending Petition.

15(d).   The BAK Interbody Cage Fusion System implanted in Plaintiff was inherently dangerous for its intended use due to the following illustrative, but not exclusive, defects:
   (a) The BAK Interbody Cage Fusion System was not reasonably fit or safe for the use intended by the manufacturer;
   (b) The BAK Interbody Cage Fusion System was not properly constructed and/or manufactured and the finished product did not conform to product specifications;
   (c) The BAK Interbody Cage Fusion System contained construction/manufacturing defects, to-wit it was dimensionally mismatched, which made it susceptible to loosening and premature failure;
   (d) The inadequate construction and/or manufacture resulted in a product that was more dangerous than the ordinary consumer would expect;
   (e) The BAK Interbody failed to perform in the manner reasonably expected by the Plaintiff, and subjected him to an unreasonable risk of harm beyond that contemplated by the ordinary user.

**ANSWER**:  Zimmer denies the allegations in Paragraph 15(d) of the First Supplemental and

Amending Petition, including all subsections.

15(e).   Due to the above, the BAK Interbody Cage Fusion System was defective as defined by Louisiana Products Liability Act, LA. R.S. 9:2800.51, et seq., including, but not limited to, having defects in construction, composition and manufacture.

**ANSWER**:  Zimmer denies the allegations in Paragraph 15(e) of the First Supplemental and

Amending Petition.

15(f).   The Plaintiff could not have discovered the construction, manufacturing and/or composition defects and damages of the BAK Interbody Cage Fusion System through the exercise of due care, prior to its implantation.

**ANSWER**:  Zimmer denies the allegations in Paragraph 15(f) of the First Supplemental and

Amending Petition.

16.     Plaintiff and his implanting physician reasonably relied upon the representations that the BAK Interbody Cage Infusion was of merchantable quality and safe for its intended uses. Plaintiff used the BAK Interbody Cage Infusion for its intended purpose.   Contrary to their express and implied warranties, at the time Defendants marketed, sold, and/or distributed the BAK Interbody Cage Infusion, it was not of merchantable quality or safe for its intended use as described above.

**ANSWER**: Zimmer states that no response is required, as Paragraph 16 was recognized by the

Court as an invalid cause of action, pursuant to the Court Order entered on October 14, 2015.  To

the extent a response is required, Zimmer denies the allegations in Paragraph 16 of the Petition.

17.     As a direct and proximate result of one or more of the foregoing wrongful acts or omissions by Defendants, the BAK Interbody Cage Infusion caused Plaintiff to suffer and sustain injuries of a permanent nature.  Plaintiff was caused to and will in the future be caused to endure pain and suffering in body and mind.  In an endeavor to cure his said injuries, Plaintiff was caused to and will in the future be caused to expend money for medical care.  Furthermore, Plaintiff was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.  Plaintiff is entitled to recover compensatory damages against Defendants for breach of warranty in an amount to be proven at trial, together with costs of this action.

**ANSWER:** Zimmer denies that it is liable to Plaintiffs for any alleged damages, and denies the

allegations contained in Paragraph 17 of the Petition.

17(a).  Because of the defects of the BAK Interbody Cage Fusion System, which caused injury to the Plaintiff, he suffered economic losses including, but not limited to, medical, pharmaceutical and other incidental expenses.

**ANSWER:** Zimmer denies that it is liable to Plaintiffs for any alleged damages, and denies the

allegations contained in Paragraph 17(a) of the First Supplemental and Amending Petition.

17(b).  The Plaintiff has suffered in the past, presently suffers, and will continue to suffer in the future substantial physical and mental pain and suffering. He is plagued with chronic and severe back pain and loss of range of motion, and will continue to incur, substantial expense for the diagnosis, treatment and monitoring of his back. His enjoyment of life has been substantially diminished.

**ANSWER:** Zimmer denies that it is liable to Plaintiffs for any alleged damages, and denies the

allegations contained in Paragraph 17(b) of the First Supplemental and Amending Petition.

18.     To prove negligent misrepresentation, the Plaintiffs must prove the following elements: (a) The defendant's negligent supply of false information to a foreseeable person,

known or unknown; (b) Such person's reasonable reliance upon that false information; and (c) Economic injury proximately resulting from such reliance. *Marquis Towers, Inc. v. Highland Group*, 593 S.E.2d 903 (Ga. Ct. App. 2004). At all times material hereto, Defendants misrepresented that the BAK Interbody Cage Infusion in question was safe for its intended use. Defendants knew or should have known of the use for BAK Interbody Cage Infusion was intended and the serious risks and dangers associated with such use of the BAK Interbody Cage Infusion. Defendants owed a duty to treating physicians and to the ultimate end-users of the BAK Interbody Cage Infusion, including Plaintiff John Anthony, to accurately and truthfully represent the risks of the BAK Interbody Cage Infusion. Defendants breached that duty by misrepresenting and/or failing to adequately warn Plaintiff John Anthony, and the public about the risks of the BAK Interbody Cage Infusion, which Defendants knew or in the exercise of reasonable diligence should have known. These risks include, but are not limited to, the failure rates, the metal debris, and the likelihood of painful and debilitating revision surgery. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff John Anthony sustained and will continue to sustain severe physical injuries, severe emotional distress, mental anguish, economic losses, and other damages. Plaintiff John Anthony is entitled to recover compensatory damages for negligent misrepresentation from Defendants in an amount to be proven at trial, together with costs of this action.

**ANSWER**: Zimmer states that no response is required, as Paragraph 18 was recognized by the Court as an invalid cause of action, pursuant to the Court Order entered on October 14, 2015. To the extent a response is required, Zimmer denies the allegations in Paragraph 18 of the Petition.

19. Defendants owed Plaintiff John Anthony a duty to disclose the known risks and/or defects in the BAK Interbody Cage Infusion as set forth in this Complaint. O.C.G.A. 23-2-53. Those risks and/or defects were material facts upon which Plaintiff John Anthony would have reasonably relied is making a decision as to whether to consent to the implant of the BAK Interbody Cage Infusion, had they been disclosed. With full knowledge of said risks and/or defects, Defendants consciously, deliberately, and intentionally breached their duties to Plaintiff John Anthony by failing to disclose those material facts to Plaintiff John Anthony O.C.G.A. § 51-6-2. As a direct and proximate consequence of said suppression, Plaintiff John Anthony sustained and will continue to sustain severe physical injuries, severe emotional distress, mental anguish, economic losses and other damages. Plaintiff John Anthony is entitled to recover compensatory damages for fraud and suppression against Defendants in an amount to be proven at trial, together with costs of this action.

**ANSWER**: Zimmer states that no response is required, as Paragraph 19 was recognized by the Court as an invalid cause of action, pursuant to the Court Order entered on October 14, 2015. To the extent a response is required, Zimmer denies the allegations in Paragraph 19 of the Petition.

20.     To recover damages for a civil conspiracy claim, a plaintiff must show that two or more person, acting in concert, engaged in conduct that constitutes a tort; absent the underlying tort, there can be no liability for civil conspiracy. *Golden Atlanta Site Development, Inc. v. Nahai*, 683 S.E.2d 166 (Ga. Ct. App. 2009). Each of the Defendants had a duty to Plaintiff John Anthony to disclose the known risks and/or defects in the BAK Interbody Cage Infusion as set forth in this Complaint. Those risks and/or defects were material facts upon which Plaintiff John Anthony would have reasonably relied in making a decision as to whether to consent to the implant of the BAK Interbody Cage Infusion, had they been disclosed. The Defendants have conspired together to actively suppress these material facts from Plaintiff John Anthony. The foregoing combination of two or more persons was formed for the purpose of injuring Plaintiff John Anthony. Plaintiff John Anthony is entitled to recover compensatory damages for civil conspiracy against the Defendants in an amount to be proven at trial, together with costs of this action.

**ANSWER**: Zimmer states that no response is required, as Paragraph 20 was recognized by the Court as an invalid cause of action, pursuant to the Court Order entered on October 14, 2015. To the extent a response is required, Zimmer denies the allegations in Paragraph 20 of the Petition.

21.     The acts of the Defendants showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences. Plaintiff John Anthony is entitled to punitive damages against Defendants in an amount to be proven at trial, without any limitation, as set forth in O.C.G.A. § 51-12-5.1(e)(1).

**ANSWER**: Zimmer states that no response is required, as Paragraph 21 was recognized by the Court as an invalid cause of action, pursuant to the Court Order entered on October 14, 2015. To the extent a response is required, Zimmer denies that it is liable to Plaintiff for any alleged damages, and denies all remaining allegations in Paragraph 21 of the Petition.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' Petition and each of the purported causes of action contained in Plaintiffs' Petition fail to state claims against Zimmer upon which relief may be granted.

2.     Plaintiffs' alleged injuries or damages, if any, may have been caused in whole or in part by the conduct of one or more persons or entities for whose conduct Zimmer was not responsible, over whom Zimmer had no control, and with whom Zimmer had no legal connection.

3.      Plaintiffs' alleged injuries or damages, if any, were not due to or caused by the fault, lack of care, negligence, strict liability, or any other breach of duty on the part of Zimmer

4.      Plaintiff's alleged injuries or damages, if any, may have been the result of intervening and/or superseding causes, and not a result of the acts or omissions of Zimmer

5.      Zimmer states that if Plaintiffs sustained any injuries or damages, which fact is specifically denied, and it is determined that said injuries or damages were caused, in whole or in part, by the act, omission, or fault of other persons or entities for whom Zimmer is not responsible, and such act, omission, or fault does not act as a complete bar to Plaintiffs' claims against Zimmer, then Zimmer is entitled to an apportionment of all such causal fault and a reduction of any award against them.

6.      Plaintiffs' recovery is barred because Zimmer complied with all applicable codes, standards, regulations, or specifications established, adopted, promulgated, or approved by the United States, the State of Louisiana, and/or any agency of the United States or the State of Louisiana.

7.      Plaintiffs' alleged injuries or damages, if any, may have been caused by misuse of the product, and such misuse could not have been reasonably expected.

8.      Plaintiffs' alleged injuries or damages, if any, may have been caused by a modification or alteration of the product, and such modification or alteration was not reasonably expected.

9.      The product at issue is a prescription medical product that is neither defective nor unreasonably dangerous.  At all times material to this incident, the product was reasonably safe and fit for its intended use, and the warnings and instructions accompanying it at the time of the subject incident were legally appropriate and adequate.

10.    Plaintiffs' recovery is barred because the product at issue was in conformity with the generally recognized state of the art at the time it was designed, manufactured, packaged, and labeled.

11.    Plaintiffs' alleged damages, if they were caused by the product, which Zimmer expressly denies, were caused by an inherent characteristic of the product that would not be eliminated without substantially compromising the product's usefulness or desirability and which is recognized by the ordinary person with the ordinary knowledge common to the community.

12.    At all times material to this incident, the product at issue was accompanied by reasonable instructions and warnings directed to the physician and other health-care providers.

13.    Upon information and belief, Plaintiffs' claims may be barred, in whole or in part, by the applicable statutes of limitations, prescription, preemption, and repose, and, if so, should be dismissed.

14.    Plaintiffs failed to mitigate damages, if any.

15.    Plaintiffs may have failed to exercise ordinary care or reasonable care.  If so, Plaintiffs are not entitled to recover from Zimmer in this action.

16.    Plaintiffs knowingly and voluntarily assumed any and all risks with the use of the product at issue in this case and such assumption of risk bars, in whole or in part, the damages Plaintiffs seek to recover herein.

17.    The injuries and damages alleged by Plaintiffs were due to the contributory and/or comparative negligence of Plaintiffs, thereby barring Plaintiffs from recovery.

18.    Zimmer states that if Plaintiffs sustained any damages or injuries, which fact is specifically denied, and it is determined that such damages or injuries were caused or contributed to by the acts, omissions or fault of Plaintiffs, then Plaintiffs' claims are barred or should be

reduced in the proportion that Plaintiffs caused the said injuries and damages. Zimmer thus invokes the doctrines of comparative and/or contributory fault in the defense of this action. Zimmer denies any causal fault or negligence on their part and further denies that any conduct had any causal connection with Plaintiffs' alleged injuries.

19.     Plaintiffs' recovery is barred because the product at issue is a prescription medical device that is reasonably safe because reasonable health care providers prescribe the device for a class of patients, knowing the device's foreseeable risks and therapeutic benefits.

20.     Plaintiffs' alleged injuries and damages, if any, may have resulted from the pre-existing and/or unrelated medical conditions, injuries, or diseases of Plaintiff.

21.     Plaintiffs' alleged injuries or damages, if any, may have been caused by an idiosyncratic reaction, without any fault or failure on the part of Zimmer or its predecessor, or any defect attributable to the product at issue.

22.     Plaintiffs' claims are barred by virtue of the intervention of a learned intermediary or intermediaries to whom any duty to warn was discharged.

23.     The product at issue is neither defective nor unreasonably dangerous because it is a product which falls within the "comment k exception" to strict tort liability defined in Section 402A of the Restatement (Second) of Torts.

24.     Some or all of Plaintiffs' claims may be pre-empted, in whole or in part, by federal law, including the Supremacy Clause of the Constitution of the United States of America and by the Medical Device Amendments of 1976 to the Food, Drug and Cosmetics Act, 21 U.S.C. § 301, et seq.

25.     Plaintiffs' claims for breach of alleged warranties are barred because of Plaintiffs' failure to give timely notice of such claims to Zimmer.

26.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

27.     Zimmer asserts any and every defense available to them under the Louisiana Products Liability Act, L.S.A.-R.S. 9:2800, et seq.

28.     Zimmer states that if Plaintiffs have any product liability claims against Zimmer, which is denied, the same are barred or limited by some or all of the provisions of the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51, et seq.

29.     Zimmer states that, if it manufactured the product that is the subject of this action, then that product possesses no characteristic which renders it unreasonably dangerous in a reasonably anticipated use as defined by the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51, et seq.

30.     Zimmer specifically pleads the applicability and exclusivity of the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51, et seq., and states that Plaintiffs are not entitled to recover under any of the exclusive theories of liability set forth in that Act.

31.     Any recovery by Plaintiffs must be reduced or offset by amounts Plaintiffs have received or will receive from others for the same injuries claimed in this lawsuit.

32.     Zimmer states that Plaintiffs' damages, if any, have been mitigated, in whole or in part, by reimbursement from collateral sources.

33.     Zimmer Spine, Inc. reserves the right to assert any additional affirmative defenses and claims of avoidance as may be appropriate based upon facts and issues disclosed during the course of additional investigation and discovery.

**WHEREFORE**, Zimmer Spine, Inc., demands judgment and the dismissal of this lawsuit at Plaintiffs' cost and all other relief, legal and equitable, to which Zimmer Spine, Inc., is entitled.

## JURY DEMAND

Zimmer Spine, Inc., requests that a jury trial be had on all issues.

Dated:  December 18, 2015          Respectfully submitted,


By: */s/Jennifer G. Crawford*_____
Jessica Benson Cox
Jennifer G. Crawford
FAEGRE BAKER DANIELS LLP
311 S. Wacker Dr. Suite 4300
Chicago, IL 60600
(312) 212-6500
(312) 212-6501 (fax)
Jessica.Cox@faegrebd.com
Jennifer.Crawford@faegrebd.com

James B. Irwin
Camala E. Capodice
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, Louisiana  70130
Telephone:  (504) 310-2100
Facsimile:  (504) 310-2101
Counsel for Defendant


Attorneys for the Defendant, *Zimmer Spine, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 18th day of December, 2015, a copy of the foregoing Defendant's Answer and Affirmative Defenses to Plaintiffs' First Supplemental and Amending Petition for Damages was served electronically on counsel of record by the CM/ECF system.

/s/Jennifer G. Crawford

16